UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

Adam Joseph Brown,
             Plaintiff

v.

Correctional Officer W. Gallagher;
Lieutenant Haggerty;
Correctional Officer Coy;
Lieutenant Friedline,
             Defendants

COMPLAINT
Civil Action No. 1:23-CV-004



RECEIVED
JAN - 6 2023
CLERK, U.S. DISTRICT COURT
FOR THE WESTERN DISTRICT
OF PENNSYLVANIA

## I. JURISDICTION & VENUE

1. This is a civil action authorized by 42 U.S.C. Section 1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. This court has jurisdiction under 28 U.S.C. Section 1331 and 1343(a)(3). Plaintiff seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff's claims for injunctive relief are authorized by 28 U.S.C. Section 2283 and 2284 and Rule 65 of the Federal Rules of Procedure.

2. The Western District of Pennsylvania is an appropriate venue under 28 U.S.C. Section 1391(b)(2), because it is where the events giving rise to this claim occured.

PAGE 1 of 7

## II. PLAINTIFF

3. Plaintiff, Adam Joseph Brown (hereinafter "Brown"), was at all times mentioned herein a prisoner of the State of Pennsylvania in the custody of the Pennsylvania Department of Corrections (hereinafter "DOC"), at State Correctional Institution (hereinafter "SCI") Forest in Marienville, Pennsylvania.

## III. Defendants

4. Defendant, W. Gallagher (hereinafter "Gallagher"), is a correctional officer (hereinafter "CO") of the State of Pennsylvania DOC at SCI Forest and was at all times mentioned herein such. He is sued in both his Individual and official capacity. At all times mentioned herein he acted under the color of state law.

5. Defendant, Haggerty, is a Lieutenant of the State of Pennsylvania DOC at SCI Forest and was such at all times mentioned herein. He is sued in both his Individual and official capacity. At all times mentioned herein he acted under the color of state law.

6. Defendant, Coy, is a correctional officer of the State of Pennsylvania DOC at SCI Forest and was such at all times mentioned herein. He is sued in both his Individual and official capacity. At all times mentioned herein he acted under the color of state law.

7. Defendant, Friedline is and was at all times mentioned herein a Lieutenant (hereinafter "Lt.") of the State of Pennsylvania DOC at SCI Forest. He is sued in both his Individual and official capacity. At all times

mentioned herein he acted under the color of state law.

## IV. FACTS

8. On November 14, 2022, Brown was transported to Clarion hospital by Lt. Haggerty; CO1 Gallagher; and CO1 Coy at 2:30 PM.

9. Brown is and was on constant video/Audio camra monitoring with direct orders that he is to be "on camra" at ALL Times while at the hospital.

10. At approximately 7:15 PM Lt. Haggerty shut off the camra and told CO Gallagher to make Brown regret his actions for making them work.

11. CO Gallagher gave the gun he had to Lt. Haggerty and told CO Coy to "take a walk" cause he was gonna show Brown what it was like to "get fucked" since he "fucked" us by making us come to the hospital.

12. CO Coy left the hospital room pulling the curtain shut as he left so noone could see in the room.

13. While Lt. Haggerty pointed the gun at Brown and told him if he fought back he would shoot him in the face CO Gallagher proceeded to take off Browns restraints and clothes and then penetrate his rectum with his penis multiple times until ejaculating inside Brown.

PAGE 3 of 7

14. At 7:30 Pm Co Gallagher redressed Brown and reapplied his restraints and stated "that's how it feels to be fucked".

15. At 8:00 Pm Co Coy came back into the room and told Brown he would "fuck" him next if he told.

16. Lt. Haggerty gave Co Gallagher the gun back and told Brown that next time he would shoot him just for the hell of it.

17. At approximately 8:30 Pm Lt. Haggerty turned the camra back on after telling Brown to keep his "fucking mouth shut".

18. Brown reported to Lt. Duffy (after returning to SCI forest) on November 15, 2022 on camra that he wanted to report a rape to which Lt. Duffy said he would let Lt. Friedline (the Prison Rape Elimination Act "PREA" Lt.) know.

19. Brown again reported to Lt. Larson this time that he need to report a rape on camra on November 18, 2022 to which he was told that Lt. Friedline would be notified.

20. Brown again for the third time to Lt. Duffy again reported that he needed to report a rape on November 28, 2022 on camra to which he said he would again tell Lt. Friedline.

PAGE 4 of 7

21. ON November 29, 2022 between 9:00AM and 9:30AM in the K-Block strip cage on camra Lt. Friedline finally talked to Brown about who raped him, and stated he already knew <u>before</u> it happen.

22. Due to Brown being scheduled for a visit at 9:30AM on November 29, 2022 Lt. Friedline told Brown that he would come back the following day to get his statement, and stated that he probably deserved it.

23. Lt. Friedline told Brown he would not be getting a rape assessment as mandated by Policy/Procedure DC-ADM 008.

24. Lt. Friedline never came back to get Brown's statement as of the date of this filing and Brown has still not recieved any form of medical assessment or treatment for being raped by Co Gallagher.

## V. EXHAUSTION OF LEGAL REMEDIES

25. According to DOC Policy/Procedure DC-ADM 804 an inmate cannot file a grievance about any PREA related issue and the only remedy is to make a report to the PREA Lt. Which Brown did. Therefore Brown has fully exhausted his Prison Administrative remedies to the furtherest extent of his capabilities.

## VI. LEGAL CLAIMS

26. Plaintiff, realleges and incorporates by reference paragraphs 1-25.

PAGE 5 of 7

27. Defendants, Gallagher, Haggerty, and Coy all displayed Blatant disregard, Deliberate Indifference, Harmful Error and retalitory actions to the Plaintiff by way of the cruel and unusual Punishment they displayed violating Brown's First and Eighth Admendment of the United States Constitution with respect to be free from retaliation and cruel and unusual Punishment and failure to protect.

28. Defendant Friedline dispayed Blatant disregard, Deliberate Indifference, Harmful Error, and retalitory actions by way of failing to conduct the duties of his posistion and claiming to know about the incident before it happen violating Brown's First and Eighth Amendments of the United States Constitution with respect to be free from retaliation and cruel and unusual punishment and failure to protect.

29. Plaintiff has no Plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

## VII. PRAYER FOR RELIEF.

WHEREFORE, Plaintiff respectfully Prays that this court enter judgement:

30. Granting Plaintiff a declaration that the acts and ommissions described herein violates his rights under the constitution and laws of the United States, and

31. Issuing a Preliminary and Permanant injunction ordering each defendant to cease all contact and communication with the Plaintiff, and

32. Granting Plaintiff Punitive damages in the amount of one Hundred

PAGE 6 of 7

Thousand dollars ($100,000) against each defendant both jointly and severally, and

33. Granting Plaintiff Emotional distress damages in the amount of one Hundred thousand dollars ($100,000) against each defendant both jointly and severally,

34. Plaintiff also seeks a jury trial on all issues triable by jury.

35. Plaintiff also seeks recovery of his cost in this suit, and

36. Any additional relief this court deem just, proper, and equitable.

Respectfully Submitted,

Date: January 1, 2023

Adam J. Brown, Pro Se

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true, except as to the matters alleged on information and belief, and to those, I believe to be true. I certify under penalty of Perjury that the foregoing is true and correct. Executed at SCI Forest in Marienville, Pennsylvania on January 1, 2023.

Adam J. Brown, Pro Se

PAGE 7 of 7